UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN CHARLES PICKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>JULEIGH PIERCE, *et al.*,<br><br>    Defendants. | Case No.  2:24-cv-3182-JDP (P)<br><br>ORDER |

Plaintiff, a prisoner incarcerated at the California Medical Facility, brings this action against defendants Juleigh Pierce, Montgomery, Johnson, and Woo, alleging that they discriminated against him because of the offense underlying his conviction. ECF No. 1 at 3-6. The complaint, taken as true, fails to state a viable section 1983 claim. I will dismiss it with leave to amend so that plaintiff may remedy this deficiency if he can. I will also grant his application to proceed *in forma pauperis*, ECF No. 5.

**Screening Order**

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that the named defendants discriminated against him because of the type of offense underlying his conviction.  ECF No. 1 at 3-6.  He claims that they threatened him with disciplinary action and forced him to attend a program that was marked as voluntary.  *Id.* at 4-5. These allegations do not state a viable claim.  They do not give rise to a viable Equal Protection claim because he has not identified any protected class to which he belongs and because of which he was discriminated against.  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a

1  protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Nor has he
2  advanced allegations that would state a cognizable "class of one" claim, namely that "[1]
3  intentionally [2] treated differently from others similarly situated and that [3] there is no rational
4  basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)
5  (per curiam). Plaintiff has failed to allege what offense underlies his allegedly disparate treatment
6  and, thus, it is impossible to tell whether he has been treated differently from others similarly
7  situated.

      I will dismiss plaintiff's complaint with leave to amend so that he may attempt to remedy these deficiencies. Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

      Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.
2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.
3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
4. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.
5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

IT IS SO ORDERED.

Dated:   February 28, 2025                     _____
                                                       JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE