1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  NORMAN CHARLES PICKETT,                 Case No.  2:24-cv-3182-JDP (P)

12              Plaintiff,

13      v.                                  ORDER

14  JULEIGH PIERCE, *et al.*,

15              Defendants.

16
17

18          Plaintiff, a state prisoner proceeding pro se, brings his first amended complaint against

19  Juleigh Pierce, K. Montgomery, Johnson, and Woo—staff at the California Medical Facility—

20  alleging varying constitutional violations.  ECF No. 12.  The allegations fail to state a claim.

21  Plaintiff may, if he chooses, file a second amended complaint that addresses the deficiencies

22  noted herein.

23                    **Screening and Pleading Requirements**

24          A federal court must screen the complaint of any claimant seeking permission to proceed

25  *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

26  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

27  which relief may be granted, or seeks monetary relief from a defendant who is immune from such

28  relief.  *Id.*

                                    1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he was required to participate in a Cognitive Behavioral group. ECF No. 12 at 3. He alleges that during his participation in this group, Pierce was openly hostile toward him by not allowing him to introduce literature to the group and by failing to "be supportive during an argument" between himself and another group member. *Id.* He contends that Pierce had an "unconscious bias" toward him and her actions demonstrated "discrimination" that amounted to "spiteful conduct." *Id.* He alleges that his liberty interests suffered due to Pierce's actions because he was denied parole based on his failure to complete the Cognitive Behavioral program. *Id.*

Plaintiff next alleges that he was approached by Montgomery, Johnson, and Woo who threatened him with disciplinary action if he did not attend the Cognitive Behavioral program. *Id.*

at 4-6.  He alleges that they approached him because he filed a grievance related to Pierce's unconscious bias against him.  *Id.* at 4.  He alleges that the denial of his grievance against Pierce amounted to a due process violation, *id.* at 8-11, and that defendants retaliated against him for filing the grievance, *id.* at 4.  He also generally alleges that he was denied equal protection under a "class of one" theory because his grievances were improperly denied.  *Id.* at 10-11.

Plaintiff's complaint fails to state a cognizable claim.  First, plaintiff fails to bring a cognizable due process challenge against the prison grievance procedure.  Inmates do not have a constitutional right to an effective grievance or appeal procedure.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Accordingly, an inmate cannot make a colorable due process claim by generally alleging that the investigation into their grievance was inadequate.  *See Antonetti v. McDaniels*, No. 3:16-cv-00396-MMD-WGC, 2018 WL 11362954, at *7 (D. Nev. May 25, 2018) (finding plaintiff failed to state a cognizable due process claim to the extent plaintiff's claim asserted the inmate grievance system was inadequate); *see also Terrill v. Grannis*, No. 1:11-cv-00118-AWI-SKO, 2012 WL 5906648, at *8 (E.D. Cal. Nov. 26, 2012) (dismissing for failure to state a claim plaintiff's due process claims based on dissatisfaction with the inmate grievance procedure).  Plaintiff's complaints related to the inmate grievance process and how his grievance was handled are insufficient to state a colorable due process claim, *see Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640; *Antonetti*, WL 11362954, at *7.

Additionally, to the extent plaintiff challenges the denial of his parole, such claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Challenges to the procedures used in the denial of parole necessarily implicate the validity of the denial of parole.  *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).  As such, a plaintiff's challenge to an allegedly improper denial of parole necessarily implicates the validity of plaintiff's continued confinement, and such challenges cannot be brought "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of writ of habeas corpus."  *Id.* at 1025 (citing *Heck*, 512 U.S. at 487).  Plaintiff has not demonstrated that he has been granted a writ of habeas corpus

1    invalidating or reversing the conviction that placed him in prison, and as a result any challenge to

2    his denial of parole is not cognizable in a § 1983 suit

3        To the extent that plaintiff's complaint can be read as bringing a First Amendment

4    retaliation claim, such claim also fails because plaintiff has not alleged that he suffered from an

5    adverse action or that his First Amendment rights were chilled.  *See Rhodes v. Robinson*, 408

6    F.3d 559, 567-68 (9th Cir. 2005) (outlining the "basic elements" of a First Amendment retaliation

7    claim as "(1) [a]n assertion that a state actor took some adverse action against an inmate

8    (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

9    exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

10    correctional goal").

11        Finally, plaintiff fails to allege a cognizable equal protection claim.  "To state a claim

12    under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth

13    Amendment a plaintiff must show that the defendants acted with an intent or purpose to

14    discriminate against the plaintiff based upon membership in a protected class."  *Barren v.*

15    *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has made no allegations

16    demonstrating that he belongs to a protected class.  Plaintiff has also failed to make allegations

17    that would state a cognizable "class of one" claim, because he has failed to demonstrate how he

18    was treated differently from others who are similarly situated.  *See Village of Willowbrook v.*

19    *Olech*, 528 U.S. 562, 564 (2000) (per curiam) (outlining the elements of a "class of one" claim as

20    a plaintiff being "intentionally treated differently from others similarly situated and that there is

21    no rational basis for the difference in treatment.").

22        Accordingly, plaintiff's first amended complaint is dismissed for failure to state a claim.  I

23    will allow plaintiff another opportunity to amend his complaint before recommending that this

24    action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint

25    will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir.

26    2012) (en banc).  This means that the amended complaint will need to be complete on its face

27    without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended

28    complaint is filed, the current one no longer serves any function.  Therefore, in an amended

complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's first amended complaint, ECF No. 12, is DISMISSED with leave to amend.

2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    May 22, 2025                                                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE