UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN CHARLES PICKETT,

Plaintiff,

v.

JULEIGH PRICE, *et al.*,

Defendants.

Case No.  2:24-cv-3182-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff brings this action against Juleigh Pierce, K. Montgomery, Johnson, and Woo, all of whom are staff at the California Medical Facility.  He alleges that his rights were violated when Pierce was hostile toward him during a Cognitive Behavioral Group meeting and that, ultimately, her hostility prevented him from completing the program—an omission that he claims cost him parole.  ECF No. 20 at 3-4.  These allegations are, in all relevant respects, identical to the ones that have previously failed to pass screening.  Accordingly, I will recommend that this action be dismissed for failure to state a cognizable claim.

I.    Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Analysis

Plaintiff alleges that, in February 2024, he attempted to introduce "literature consistent with [t]hinking for [c]hange" during a Cognitive Behavioral Group ("CBG") meeting. ECF No. 20 at 3. Defendant Pierce, a drug counselor, displayed open animosity toward him during the meeting and allegedly declined to support him or intervene in a verbal argument that arose between him and another inmate. *Id.* He claims that Pierce's actions amount to "spiteful conduct under color of state law." *Id.* This claim fails because non-physical animosity or verbal insults do not give rise to a claim under section 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139

(9th Cir. 1987).  Plaintiff's claim that his failure to complete this program caused him to be denied parole is also non-cognizable, as I explained in my previous screening order.  *Williams v. Holevinski*, 295 F. App'x 167, 168 (9th Cir. 2008) ("The district court properly dismissed without prejudice Williams' claims alleging that defendants interfered with his parole proceedings because the claims necessarily implicate the validity of his confinement and must be brought in a habeas petition.").

Next, plaintiff claims that, in May 2024, he was approached by staff, including defendants Johnson and Woo, and threatened with disciplinary action if he refused to attend the CBG meeting.  ECF No. 20 at 5.  This claim is not cognizable, because it does not implicate any violation of plaintiff's federal rights.  Additionally, plaintiff's claim that Johnson mishandled his grievance fails, as he has no entitlement to any specific grievance process.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Plaintiff also references other categories of claims, including access to courts, denial of medical care, free exercise of religion, retaliation, and excessive force.  ECF No. 20 at 6.  He fails to plead any facts that would support any of these categories of claims, however.

Based on the foregoing, I will recommend that this action be dismissed for failure to state a cognizable claim.  *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989) (noting that "repeated failure to cure deficiencies by previous amendments" is a factor to be considered in deciding whether to grant further leave to amend).

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's second amended complaint, ECF No. 20, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    January 20, 2026                                    _____
                                                                           JEREMY D. PETERSON
                                                                           UNITED STATES MAGISTRATE JUDGE

4